## In re BALDWIN.
### No. 22722.

United States District Court
D. Connecticut.
Oct. 28, 1949.

———◆———

Francis P. Rohrmayer, Hartford, Conn., for bankrupt.

William A. Rabinowitz, Hartford, Conn., for trustee.

SMITH, District Judge.

The trustee pressed before the referee two objections to the discharge of the bankrupt based upon the alleged failure to keep and preserve books and records from which his business transactions could be ascertained, and alleged false statements made to The Brooklyn Trust Company in an application for credit. The objections were overruled and discharge ordered granted. The trustee petitions to review the order of the referee.

The trustee has introduced the books produced by the bankrupt consisting of bank statements and cancelled checks on the Saratoga National Bank from May 17 to December 19, 1946; on the Morris Plan Industrial Bank of Schenectady (later the Industrial Bank of Schenectady) from August 14 to October 31, 1946; on the Hartford-Connecticut Trust Company from June 1 to August 23, 1946; ledger sheets showing certain accounts with customers and cash receipts from June through October, 1946; social security time-book of employes for the weeks ending May 1 through November 13, 1946, including truck rental for the latter portion of the time; a truck-rental and time-book; a cash-expenditure book covering the period April 29 to November 2, 1946; a checkbook on the Industrial Bank of Schenectady covering the period August 14 to October 17, 1946; and a number of notes and collateral agreements.

The books are not elaborate nor easily understandable. However, it may be that any needed information to ascertain the entire financial history of the bankrupt's business is contained therein. There is no evidence that any books are missing. No effort has been made to analyze the receipts shown on the ledger sheets or the expenditures shown by the checks and cash-expenditure books to point out any information missing from the bankrupt's financial picture.

It is not sufficient for the objectant to call the books suspicious on their face, or to state that no knowledge can be derived from them.

The Court cannot say that the referee's finding—that the trustee has failed to establish the first specification of objection—is clearly erroneous.

On the charge of false financial statements the referee's conclusion that the liabilities were fully stated, the chattel mortgage being included in other debts and so explained orally, is supported by evidence in the record and must stand.

On the asset side of the statement, the value of the assets as listed by the bankrupt so greatly exceeds the purchase price as to cast doubt upon the bankrupt's good faith in placing the value upon them. This doubt is strengthened by the failure of the statement to point out that the $12,000.00 purchase price included fixtures, equipment, and materials, as well as the land. The referee, however, has found a lack of intent to deceive. Since he had the opportunity of observing the bankrupt on the stand, his findings are not lightly to be cast aside, particularly where they involve matters of good faith in stating opinion as to value. The bankrupt was at the inception of a new business career when he made his estimates of value. He started the new venture on what was comparatively a shoestring but it weighs in his favor that the shoestring was apparently not insignificant in amount to him, involving the risk of his entire capital. Under these circumstances the Court cannot say that the referee's conclusions as to the bankrupt's good faith in making the statement are clearly erroneous.

The petition for review may be denied and the bankrupt discharged.

Form of order may be submitted by counsel for the bankrupt.